IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSEPH HINEMAN, | § | |
| | § | No. 229, 2015 |
| Plaintiff Below-Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| PAUL IMBER, D.O. and, | § | C.A. No. N10C-03-014 |
| EAR, NOSE, THROAT, AND | § | |
| ALLERGY ASSOCIATES, LLC, | § | |
| a Delaware company, | § | |
| | § | |
| Defendants Below-Appellees. | § | |

Submitted: April 27, 2016
Decided: April 28, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

# O R D E R

This 28th day of April 2016, having considered this matter on the briefs filed by the parties and after oral argument, we find it evident that:

In this case, the plaintiff-appellant, Joseph Hineman, argues that the Superior Court erred by allowing certain evidence to be introduced at trial on his claim for medical malpractice. After a careful examination of the record, we find no abuse of discretion on the part of the trial court.[1] As to Hineman's use of marijuana on

---

[1] *Firestone Tire & Rubber Co. v. Adams*, 541 A.2d 567, 570 (Del. 1988) ("The determination of whether proffered evidence is relevant is within the sound discretion of the trial court and will not be reversed absent a clear abuse of discretion. Also within the discretion of the trial court are determinations of whether or not the probative value of a particular piece of evidence is

the day in question, Hineman's own counsel referred to that fact in a loose way during trial.[2] More important, this evidence was plainly relevant to Hineman's perception of his injury at the time that the defendant, Paul M. Imber, D.O., examined him, and there was no basis to conclude that relevance was outweighed by any improper prejudicial effect, such that its exclusion was warranted under Delaware Rule of Evidence 403.[3] As important, Hineman did not object when there was use of the marijuana evidence for a purpose not clearly addressed in his prior objection. This failure to object makes our standard of review that of plain

---

substantially outweighed by the danger of unfair prejudice to the opposing party." (citing *Lampkins v. State*, 465 A.2d 785, 790 (Del. 1983))).

[2] Hineman's trial counsel stated in opening argument: "You're going to be hearing mention made that earlier that morning [Hineman] and his employee had smoked pot. We don't know how much. We don't know whether it was, when it was, but you're going to be hearing that." App. to Answering Br. at 369–70 (Jury Trial Proceedings, *Hineman v. Imber*, C.A. No. N10C-03-014, at 73–74 (Del. Super. Apr. 20, 2015)).

[3] *See* D.R.E. 402 ("All relevant evidence is admissible . . . ."); D.R.E. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); D.R.E. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence."); *see also Laws v. Webb*, 658 A.2d 1000, 1010 (Del. 1995) (finding the plaintiff's alcohol consumption relevant, partly because "[it] could assist in the jury's determination of her perceptive abilities around the time of the accident"), *overruled on other grounds by Lagola v. Thomas*, 867 A.2d 891 (Del. 2005); *Scott v. Ritterson*, 2004 WL 1790134, at *2 (Del. Super. Aug. 9, 2004) ("The jury must assess the credibility of the parties in making its determination of liability. The ability of the parties to perceive and react to the auto accident is relevant to the jury's determination of liability."); *Rachko v. Nationwide Mut. Ins. Co.*, 1997 WL 817860, at *1 (Del. Super. Oct. 17, 1997) (finding that "[e]vidence of alcohol consumption is admissible to show plaintiff's ability to perceive and react" during and after a car accident).

error, and no error of any kind, much less of that blatant kind, occurred.[4] Likewise, because of the relevance of Hineman's credibility to the case, it was proper to admit evidence that he brought lawsuits against his own father, and his friend and employee, making what he later admitted to be false allegations against both of them in order to seek to hold them accountable for his injuries. That Hineman was willing to lodge false claims in order to recover for his injuries was relevant to the jury's assessment of whether his rendition of what he told Dr. Imber was accurate.[5] For these reasons, we find no reversible error in the trial court's rulings.

NOW, THEREFORE, IT IS ORDERED that the Superior Court's June 20, 2012 order granting the defendants' motion *in limine* to introduce evidence of

---

[4] *See Swan v. State*, 820 A.2d 342, 355 (Del. 2003) ("Objectionable statements that were not objected to at trial are reviewed for plain error. To be plain, the error must affect substantial rights, generally meaning that it must have affected the outcome of the trial. Under plain error review, the error complained of must be so clearly prejudicial to substantial rights so as to jeopardize the fairness and integrity of the trial." (citations omitted)).

[5] *See* D.R.E. 607 ("The credibility of a witness may be attacked by any party . . . ."); *Stickel v. State*, 975 A.2d 780, 783 (Del. 2009) ("Evidence has probative value if it affects the probability that the fact is as the party offering the evidence asserts it to be." (citation omitted)); *Jackson v. State*, 770 A.2d 506, 515 (Del. 2001) ("Under Delaware law, the jury is the sole trier of fact, responsible for determining witness credibility and resolving conflicts in testimony. Jurors should have every opportunity to hear impeachment evidence that may undermine a witness' credibility." (citations omitted) (internal quotation marks omitted)); *see also* WEINSTEIN'S FEDERAL EVIDENCE § 401.04[4][b], at 401-40 to 401-41 (2d ed. 2015) ("If a person's activities reflect on that person's credibility, then evidence of the conduct is relevant and admissible." (citing federal case law)).

Hineman's marijuana use,[6] and April 20, 2015 bench ruling denying Hineman's motion to preclude reference to the prior lawsuit,[7] are AFFIRMED.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice

---

[6] *See Hineman v. Imber*, 2012 WL 2353682 (Del. Super. June 20, 2012).
[7] *See* App. to Opening Br. at 95–105 (Jury Trial Proceedings, *Hineman v. Imber*, C.A. No. N10C-03-014, at 1–11 (Del. Super. Apr. 20, 2015)).